T.C. Summary Opinion 2001-82

UNITED STATES TAX COURT

MARSHALL STEWART GARDNER AND NANCY B. GARDNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6563-00S.                    Filed June 11, 2001.

Marshall Stewart Gardner and Nancy B. Gardner, pro sese.

<u>Jack T. Anagnostis</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years at issue.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined deficiencies in Federal income taxes of $1,672, and $1,597, and accuracy-related penalties of $334, and $319, for the respective years 1995 and 1996. Petitioners concede that they are not entitled to deductions for unreimbursed employee business expenses for 1995 and 1996 or for charitable contributions for 1996. The issues for decision are whether petitioners are entitled to deductions for charitable contributions claimed for 1995 and whether petitioners are liable for the accuracy-related penalties for 1995 and 1996.

A few of the facts have been stipulated and are so found. The accompanying exhibits are incorporated herein by reference.

## Background

Petitioners resided in Philadelphia, Pennsylvania, at the time their petition was filed in this case.

The parties agree that petitioners have no receipts to substantiate the $8,275 of charitable contributions claimed on their 1995 joint Federal income tax return. Marshall Stewart Gardner (petitioner) produced at trial, however, an undated sheet of paper containing various handwritten items and amounts. The items were "estimates", according to petitioner, based on "How many times I might have given". The sheet, stated petitioner, was used by him in the preparation of his joint tax return for 1995.

## Discussion

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 170(a) allows a deduction for charitable contributions paid during the taxable year subject to certain limitations. Deductions for charitable contributions are allowable only to the extent verified under Treasury regulations. See sec. 170(a)(1). The applicable regulations require a taxpayer to maintain for each contribution of money a canceled check, a receipt from the donee organization showing the date and amount of the contribution, or other reliable written records showing the name of the donee and the date and amount of the contribution. See sec. 1.170A-13(a)(1), Income Tax Regs.

Petitioners have not maintained any of the records required to substantiate their charitable contributions.

The only evidence of petitioners' contributions consists of the single sheet of paper containing petitioners' estimates. The notations on the sheet of paper contain no dates and for the most part list small amounts. Two large amounts are listed as

Combined Federal Campaign (CFC) amounts and "clothing donations at local churches".  The Court thinks that documentation of petitioners' CFC donations would be readily available.  The sheet does not indicate the "local churches" to which the clothing contributions were made.  There is no discernable relationship between the sum of the items listed on the sheet and the total charitable deductions claimed on the return for 1995.  The sheet does nothing to support petitioners' claims.  The Court is not convinced from the record that petitioners made the charitable contributions claimed for 1995.

Respondent's determination that petitioners are not entitled to deductions for 1995 for charitable contributions is upheld.

Petitioners offered no evidence with respect to whether part of their underpayment of tax for the years 1995 and 1996 was due to negligence or to disregard of rules or regulations.  The Court holds therefore that petitioners are liable for the accuracy-related penalty under section 6662 for both 1995 and 1996.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.